is a lot they please the court I am Karen Sirianni Gerlach the attorney for the appellant to Juan Hamilton I would ask permission to reserve three minutes of rebuttal time okay thank you. If the J in Juan is a HWA shouldn't the J in JA be a HWA too? I don't know your honor, I'm sorry I haven't been thinking about it but I'm really glad you brought it up I'm actually sorry she brought it up, the kind of thing that gets in my mind but I can't get it out I could submit a supplemental letter on that if the court is really concerned What is his name? JA and then Juan I think is excuse me? Glad we straightened that out. Yes so am I now we can proceed. You shouldn't have given me the break. We're moving right along but I think we understand your argument and I don't want to cut off what you're about to argue but I'm curious to hear what Ms. Haywood is going to say that we have said in Manzella and we said it we reaffirmed it in a slightly different context in Watson that no matter how good a sentencing judge's intentions may be you can't give increased incarceration to rehabilitated get access to a program that impairs from the judge's comments here that's exactly what happened. That is exactly what happened it's not disputed by the parties your honor that 3582A prohibits consideration of rehabilitative goals in determining the length of the term of imprisonment. Considering it at all that would be your position. That is my position. Because this isn't exactly Manzella Manzella talked about imprisonment solely because of a term of that length and here we may have it as one of a number of considerations. A careful reading of Manzella makes it clear that the idea of this being the sole consideration is very important in the analysis in the rationale more as a point of emphasis I think but the ultimate holding at the end of the case is much more general and complies with the plain language. Well at the very beginning of the opinion we conclude that despite the best intentions violated this statutory command by sentencing Manzella to 30 months of imprisonment solely. So we could we could certainly regard that as a holding too. All I want to get clear from you is you would if that's what Manzella says you would have us extend Manzella for any reason. At the very end if I may quote in Manzella we hold that 18 U.S.C. section 3582A prohibits a sentencing court from affecting the rehabilitative goals of section 3553A either in sentencing a defendant to a term of imprisonment or if a term of imprisonment is otherwise to be imposed in determining the length of that term. I know what it says Ms. Gerlach. Let me try one more time because I wanted to turn I wanted to see if it is your desire that we extend or clarify the jurisprudence if that is the case because one could read this sentencing judge comments and the record as suggesting it's for a number of reasons. I think that I'm assuming that you would prefer the law to say you can't extend the length of a prison term for purposes of providing some kind of treatment even if that's just one of a number of reasons for imposing jail. The law already does say that. It's the plain language of the statute. All right, I give up. I agree. That's the plain language of the statute and I think in Manzella those were the facts with which they were confronted. Exactly. But the plain language of the statute doesn't say it's okay if you de-emphasize it or you look at it in the context of 3553A factors. They just say don't do it period. You've anticipated me. Thank you. It's a flat out prohibition and all this boils down to is a statutory interpretation question that is easily resolved by the plain language of 3582 which is not in conflict with 3553A as Manzella clearly instructs us. One talks about sentence, the other talks about imprisonment. Yes, and I think what the government would have us do, Your Honor, Your Honors, excuse me, is to read more into the statute than it says and to say it's not a flat out prohibition, it's okay if. But Congress didn't give us the if and I don't believe that with all due respect it's the court's role or the government's role to be reading more into the statute than what the plain language clearly indicates. Furthermore, in terms of the specific record in this case, the record is not clear or unambiguous that had the district court understood the law properly and known that 3582 forbids rehabilitational considerations in determining the length of the term of imprisonment, not the type of sentence, but the term of imprisonment, it's not clear from this record that she would have imposed the same sentence because at the outset before she even pronounced sentence, before she even gave a 3553A analysis, the district court said on appendix page 70, I am making this sentence longer to give time for the 500-hour drug program. Based on that record, we cannot assume that this would have come out the same had the district court not made that mistake of law and not abused her discretion by sentencing under a mistaken understanding of the law. You saved some time, I think. I did. Thank you. As nice as I can tell you, you should sit down now. I won't wear out my welcome. May it please the court, Rebecca Haywood on behalf of the United States of America. And it is undisputed that a court cannot send a person to prison to rehabilitate him, but that is not what happened in this case. Can a court lengthen a period of incarceration solely for the purpose of getting that person into rehabilitation? I think the rule should be, if a defendant... I would love to be able to do what you're about to do, but we have these Supreme Court cases that get in our way, we've got Congress writing these statutes that get in our way, but we can just sit down and say this is what the rule should be. Our life would be a lot easier. This would be a very easy job, but we can't do that. So what you think the rule should be is not going to help us unless you can tie it to a case or to a statute that says that's what the rule is. Certainly, the statute 3582A indicates that you cannot, under Manzella, send a person to prison or lengthen the term for rehabilitative reasons. But as this court has been talking about proximate cause all day, the rule is that a defendant must show that the term was lengthened because of rehabilitation. Imprisonment is not an appropriate means of promoting correction and rehabilitation. Imprisonment is not. That's correct. Period. So, why isn't a little bit more the imprisonment that is contemplated by 3582? Because you have... but the defendant has to show that the rehabilitative goal actually resulted in the increase in imprisonment. She said... I must say this judge really did painstakingly try to come up with a sentence that I think was a she that she thought was appropriate. Very, very... we don't see a lot of painstaking, meticulous attention like this where you're really thinking about the defendant. You're thinking about his past crimes. You're thinking about how do I get him so that when he's out of prison, he's not going to be back in here. She really did an incredible job. And so, in terms of what she tried to do in principle, I don't think she can be faulted. I really wish more sentencing judges did this. But the problem is, she said, it's a great tragedy. It's a tragedy for your family. It's a tragedy for you. So, I feel that when I'm sentencing you, I need to give you a longer sentence rather than a short sentence because I think you really need to get the training. How could it be any clearer than that? And even the prosecutor in trying to help the judge out, when the defense attorney objected, the prosecutor said, wait a minute, you know, defense counsel, prosecutor Ms. Halfton, if I respond to that, your honor has made it very clear that was one factor. Well, the prosecutor even interpreted that way. It can't be one factor in determining the length of imprisonment. That's true. And actually, to put this in context, this sentencing hearing took place about four months prior to the Manzella decision. And defense counsel, although he did object on the ground that rehabilitation was being considered, did not cite the district court to the language of 3582A. But that being said, when the objection was made about rehabilitation, the court said, I'm very concerned about your background and the history of violence in your background, as well as referring to the issue of deterrence. Right. If we were under reasonableness review, this would be a slam dunk. Wouldn't have gotten a moral argument. We wouldn't be here. And maybe even Ms. Skrillex almost would have had the good judgment not to take an appeal, unless Mr. Jawan really demanded that the appeal be taken. But that's not the case. It's not a reasonableness review. And the issue is whether or not the judge committed the mistake of it all in doing what I think is clear on the record, lengthening the sentence for rehabilitative purposes. But I think this court in Watson, a decision about four months after Manzella, construed the Manzella decision and noted it specifically in Watson. This court noted you cannot look at a sentencing transcript in isolation and quote selectively from portions of the transcript. You have to look at the transcript as a whole. And the court, when she did her 3553, the district court, Judge Conte, doing her 3553A analysis, noted that rehabilitation itself was related to a specific factor that the court can consider, which is protection of the public. Does it matter, Ms. Haywood, in looking at that record as a whole, that we don't know what a longer sentence is compared to? That is, we don't know what the district judge here really had in mind. That is, I'm giving you 63 months as opposed to the 58 months that I would otherwise give you, which is the bottom of the guideline here. Well, as Judge McKee stated, she did do such a thorough analysis in noting that... ...the best intentions here, the best intentions and the best interests of the defendant at heart. But what I'm asking you is, we don't really know from this record even what the district court had in mind as some kind of baseline sentence, with or without the need for rehabilitation, do we? Well, I think, again, I think the record can be fairly read that the district court did not lengthen the term of imprisonment because of rehabilitation, despite that one statement, because she specifically noted on the record that she had no control of the Bureau of Prisons on numerous occasions at the sentencing hearing. Actually, that worsens the situation, doesn't it? Because the frustration of many a sentencing judge, many a district judge, has been that you impose a sentence with the notion in mind that the defendant is going to receive, and you're going to recommend that he receive, a program of rehabilitation or training, but you are completely left at the whim of the Bureau of Prisons as to the availability and then ultimately the selection. You have a little more time to increase the chances. Well, I disagree. I think the court was recognizing that she didn't have control and that there's a distinction between a hope that this defendant, Mr. Hamilton, be rehabilitated and the lengthening of a sentence for that purpose. And because the district court understood she had no control over whether he would be eligible at all or whether he would take advantage of the rehabilitation programs offered, that the sentence wasn't lengthened for that purpose. It was just the recommendation. That's what she said she was doing. That's what the prosecutor interpreted what she was saying as meaning. And Watson, I think, really hurt you because Watson, we made the statement you referred to in terms of how you determine what the court was intending to do. And you clearly don't look at an isolated paragraph. But I think you'd agree that if a sentencing judge had said, and that's not this case, the reason I'm imposing the length here is I want to give additional time for rehabilitation. I'm adding two years for that. And then there were five other pages, ten other pages, considering family and other kinds of things. I don't think you would say that we should ignore that or not deem that maybe even determinative on the intent of the court. And Watson, we said, when we were talking about this tension in the language of 3558-2, what a court cannot do is to impose or lengthen a term of imprisonment. Imprisonment is italicized for the purpose of providing correction and rehabilitation. That's true. But Watson also states that the mere fact that a court may mention correction or rehabilitation along with other factors at arriving or explaining its sentence is not enough to meet the burden that the sentence is going to impose. She didn't just mention it. She said, I need to give you a longer sentence because I think you really need to get the training. So what should we conclude? Longer than what? Well, again, the objection was at a later portion of the sentencing hearing, the objection was made, Your Honor, I don't think that this sentence is reasonable because you're lengthening the sentence for rehabilitative purposes. And the district court stated at that point, I am concerned about the violence in your background, and I also have to consider certain factors. Again, the district court did not have the benefit of the decisions that we're talking about today, but she specifically noted that this defendant had such a strong history of violence in its background that that was the driving factor. Rehabilitation wasn't a forecast. Well, there were several factors. There were several factors. It may have been, and what was the sentence that she finally gave? 63 months. 63 months. It may have been that she would have given 60 months but for the need to rehabilitate and get training. It may have been that she would have given 50 months. That's Judge Smith's point. We don't know how much in her mind would have been long enough to address her other concerns if she hadn't have thought that she, paraphrasing in almost a direct quote, I need to give a longer sentence rather than a short sentence because you need to get training. We don't know where the sentence would have been absent that. Right, and I would mention that Mr. Hamilton himself had asked the probation officer and asked the district court for the training, and to fault the district court at this point. We're not faulting her. She did a wonderful job. She just made a mistake of a law. This is one of those times, not all that infrequent, I guess, where the sentence she gave, at least in my mind, seems to be a very just and appropriate sentence. The law doesn't always allow you to do what's just because everybody's version of what's just varies, and that's why I said earlier we have to kind of be stuck by these statutes, these pesky statutes, and we can't just do what we want to do. I don't fault her at all. She just made an error of law, and as you said, she didn't have the benefit of Menzel, and probably not Watson that came down in the same year. That's right, that's right. But I also would mention, too, that the rehabilitation itself, to completely divorce that from the 3553A factors, does not seem to necessarily be required by 3582A. But we did explain that in Watson. It seems to me that on the in-out decision, rehabilitation needs is very key. Once you've made the in decision, and then you start factoring rehabilitative concerns, which are required under 3553A, into the in decision, you run into problems under 3582, and that's what we said in Watson. It's ironic, because I've said in my opinions, there are all kinds of problems with guidelines, and one of my big concerns with sentencing is it's totally devoid of social science. But this is one area, it seems to me, where Congress got it right, because the social science would say that there is not a statistically significant correlation between performance in in-prison programs and performance on the street. There's not enough of a correlation to justify giving someone more time, based upon the assumption that that's going to be an indicator of how they're going to behave on the street. It's not there. So Congress really did get this one right. But for instance, if you consider 3553, I believe it's A2C, the need to protect the public, that's certainly a factor that the court can consider, and was one of the driving factors behind the sentence here, and the district court tied that to the issue. Sometime, whoever meets me once this case is over, we'll sit down and I'll get you into my theory of sentencing. Make sure he buys and make sure it's something more expensive than a beer. I've heard this before. Actually, I've offered him wine, he's afraid to go out with me. That diversion distracted me from where I was trying. Oh, the social science, unlike that which is studied, the correlation between in-prison rehabilitation and performance on the street, we don't know if six years will protect the public any more than a sentence of five years or four years or three years. It's conceivable that a sentence of 36 months would have been every bit as much of a deterrent as a sentence of 60 months. We don't know the extent the studies are there to establish that. Courts don't take them into consideration. The guidelines ignore them. So you can't really make that argument. If there are no further questions, we'd ask that the district court's decision be affirmed. Thank you. You were waiving rebuttal, did I hear you say that? I'm sorry? I thought I heard you say you were waiving rebuttal, but you did reserve rebuttal. I did, thank you. No one's taking our hints today, Ted. I do have an important matter to bring up that is not strictly in the law. I briefed this case in February of 2007, and Ms. Hayward briefed it in, I believe, June of 2007. Somehow this case slipped through the cracks, and the clerk's office did not list it for disposition until, what is, goodness, nearly two years later. And then I called, or my secretary called the clerk's office, I think in the summer, because I was looking through my case list and saw. When was the sentence imposed? The sentence was imposed. Do you have that, Rebecca? But I guess where you're going is you're asking the court. This is what I'm getting at. He has served four years, two months, and 14 days. October of 2006? Yeah, he only has four months and 13 days to go. And when my secretary again called Tricia Dodswitz this fall, and she promptly listed it for disposition, setting the date as this week. I think you should file a motion. I understand exactly where you're going, and I'm glad you're going there. Not enough attorneys do, but we need to talk about it. Understandable. Okay, so I should file a motion. I just wanted to bring that to the court's attention. I'm glad you did. Okay, and just without wearing out my welcome, just a quick point. The comparison of 3553A and 3582 says that you can consider these things in terms of the sentence, just not in terms of the length of imprisonment. Yeah, that's what Watson said. Or whether to impose it. And the district court here did. Numerous terms of the supervised release on appendix page 73 and a few pages after that, she imposed numerous conditions of supervised release relating to alcohol. And she didn't need to lengthen the term of imprisonment, aside from the fact that it was illegal to do so on that basis. That's exactly what they're saying in Manzala and in comparing the statutes. There are other ways to do it, and she did. And there's your analysis and there's alcohol education at the discretion of the probation office and things like that that are proper 3553A considerations in terms of the sentence. So if there is any concern that he's not getting the treatment, it should be affected through supervised release and things of that nature. And, frankly, it is here. And so I just wanted to point that out. Also, Mr. Hamilton did not do the 500-hour drug treatment program. I don't know why. But he did do a 30-hour program called Choice and Change. So he has completed that. What was the drug? I can't remember. I think it's just alcohol. That's it. I'm sorry. Alcohol. He had a history of alcohol issues, and Judge Conte felt that a lot of the crime was spurred by the alcohol abuse. She may well have been right. But he has completed some form, even though not the 500-hour. Thank you so very much. Thank you very much. Thank you, Ms. Hewitt also. Both of you, a very fine argument. We appreciate it. We'll take a minute and good-bye.